**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001122
28-AUG-2015
08:19 AM**

NO. CAAP-14-0001122

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TOM THANH TRAN, Plaintiff-Appellee, v.
VAN THANH SATO fka VAN THANH TRAN, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 07-1-3662)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

In a post-divorce decree proceeding, Defendant-Appellant Van Thanh Sato, formerly known as Van Thanh Tran (**Appellant**), appeals from the August 19, 2014 "Order Regarding Defendant's Motion and Affidavit for Post-Decree Relief" (**Order for Post-Decree Relief**) entered in the Family Court of the First Circuit[1] (**family court**).

On April 13, 2010, the family court entered a "Decree Granting Absolute Divorce and Awarding Child Custody" in the divorce proceeding between Appellant and Plaintiff-Appellee Tom Thanh Tran (**Appellee**).

On January 16, 2013, Appellant filed a "Motion and Affidavit For Post-Decree Relief" (**Motion and Affidavit**), requesting the following:

> a. A change in [Appellee's] timesharing with the subject child from joint physical custody to supervised visitation with the child. . . .

---

[1] The Honorable Christine E. Kuriyama presided.

b. Child support modification "per the child support guidelines" since "[t]he current child support is based upon an extended visitation schedule."

c. That [Appellant] be awarded the tax dependency exemption for their child for each tax year based on increased expenses [Appellant] has had to bear . . . .

d. [Appellee] should be ordered to attend parenting classes.

e. A Guardian Ad Litem should be appointed to represent the child's interests.

f. [Appellee] should be ordered to undergo a psychological evaluation.

g. [Appellee] should reimburse [Appellant] for all of the legal expenses she has incurred.

On October 2, 2013, the family court ordered the parties and their child each to undergo a psychological evaluation.

On August 19, 2014, the family court issued the Order For Post-Decree Relief denying Appellant's Motion and Affidavit and ordering each party to bear his or her own attorneys' fees and costs. On September 18, 2014, Appellant filed a notice of appeal from the August 19, 2014 post-decree order.

On appeal, Appellant contends the family court erred:

(1) "when it confined itself to the factual allegations in the Motion and Affidavit for Post-Decree Relief, filed on January 16, 2013" without considering a "December 28, 2013 taped conversation" providing "evidence regarding the material change as well as the best interest of the subject child";

(2) when it "found and concluded that there was no material change in circumstance"; and

(3) when it denied Appellant's request for modification of physical custody and timesharing.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude this appeal is without merit.

There was sufficient evidence to support the family court's determination that no material change in circumstance existed to justify Appellant's Motion and Affidavit. "Generally,

2

the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason." Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006).

At the April 28, 2014 hearing on Appellant's Motion and Affidavit, the family court heard testimony from Carol P. Tyler, PSY.D (**Dr. Tyler**), a licensed psychologist who conducted the psychological evaluations on the subject child, Custody Evaluator Stacey Fukuhara-Barclay (**Ms. Fukuhara-Barclay**), Appellee, and Appellant. Dr. Tyler testified that Appellant had a short temper and would react without thinking. Dr. Tyler also testified that while Appellee was rigid in his way of thinking, he had the ability to work through his issues with individual therapy.

Dr. Tyler noted that the subject child was happy with both her families and that both households were stable.

Ms. Fukuhara-Barclay stated that it would be devastating to subject child for her not to be with Appellee. Ms. Fukuhara-Barclay also noted that the subject child was older and more mature than she was during Ms. Fukuhara-Barclay's prior case involvement and that the subject child was resilient in dealing with her situation. Regarding the question of religion, the main source of the parties' division, Appellant represented that she did not have a preference as to the subject child's religion.

Dr. Tyler and Ms. Fukuhara-Barclay both acknowledged listening to the December 28, 2014 taped conversation and both were questioned about their impressions regarding that conversation. The family court's finding that there was not a material change in circumstance is supported by the record in this case.

Assuming, *arguendo*, the family court improperly excluded the December 28, 2013 taped conversation from its evaluation of whether Appellant had shown the existence of a

material change of circumstance regarding custody and visitation, there was no substantial prejudice to Appellant. The family court heard testimony from all the witnesses Appellant chose to present, and Appellant's exhibits proffered for admission other than the December 28, 2013 audio recording were admitted into evidence. Both Dr. Tyler and Ms. Fukuhara-Barclay had listened to the December 28, 2013 audio recording, commented on it, and considered it in their testimony. Facts from the December 28, 2013 audio recording were also highlighted in Ms. Fukuhara-Barclay's Fact Finder report.

Therefore,

IT IS HEREBY ORDERED that the August 19, 2014 "Order Regarding Defendant's Motion and Affidavit for Post-Decree Relief," entered in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, August 28, 2015.

On the briefs:

A. Debbie Jew
(Ogawa, Lau, Nakamura & Jew)
for Defendant-Appellant.

Steven L. Hartley
Seth R. Harris
(Hartley & McGehee)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4